UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENT ANDERSON ET AL.                CIVIL ACTION

VERSUS                               NO: 04-2202

CITY OF NAPOLEONVILLE ET AL.         SECTION: "J"

**ORDER AND REASONS**

On October 2, 2006, this Court issued an Order (Rec. Doc. 42) granting the Motion for Summary Judgment filed by Assumption Parish Sheriff Michael Waguespack (Rec. Doc. 33). Following are the written reasons for that decision:

(1) There are no real allegations that Assumption Parish Sheriff Michael Waguespack did anything that would give rise to liability.

(2) Specifically, Plaintiffs' Complaint contains no specific allegations against Assumption Parish Sheriff Michael Waguespack that would serve as a basis for finding section 1983 liability in either in his individual or official capacity. Even if the Complaint is construed such that Sheriff Waguespack (who is alleged to be the "commanding officer" of the "John Doe" deputies) is found to have participated in the events that gave rise to Plaintiffs' claims, the Court finds that the officers who participated in the stop acted reasonably under the circumstances.

(3) The officers acted reasonably when they stopped and searched Plaintiffs who were identified by a credible eyewitness,

the Mayor of Napoleonville, as suspects in a fight and shooting. The officers used reasonable force to detain Plaintiffs as they were believed to be armed.

(4) The claims against Sheriff Waguespack in his personal capacity cannot stand because, as a public official sued in his personal capacity for action taken under color of state law, he is afforded immunity from civil actions and damages for his discretionary acts as long as the conduct does not violate clearly established statutory or Constitutional rights.

(5) Notably, Plaintiffs claim that were detained for almost two hours; Defendant claims that the entire incident took place in less than twenty minutes. The Court finds that the latter is more likely correct. The police logs attached as exhibits to Defendants' Motion for Summary Judgment state that the incident occurred on August 5, 2003 at approximately 1730 hours (5:30 p.m.). Plaintiff Nakika Mitchell testified in her deposition that Plaintiffs arrived at their destination around 6:00 that night, following the incident wherein they were detained. (Exhibit D to Defendant's Motion for Summary Judgment, p. 11). Also, this Court finds that the dispute over how long Plaintiffs were detained is immaterial because it is undisputed that as soon as the mayor/eyewitness stated Plaintiffs were not the suspects, they were released.

(6) Plaintiffs cannot prevail on their Equal protection claims because they cannot prove discriminatory animus. There is absolutely no evidence in the record to show that Plaintiffs were stopped because they were African American. Plaintiff Brent

Anderson admitted that no racial slurs were used.  (Exhibit B to Defendant's Motion for Summary Judgment, p. 23).  This Court finds that Plaintiffs were stopped because an eyewitness identified the vehicle they were traveling in as a vehicle being driven by suspects involved in a nearby shooting.

(7)  Plaintiff's state law claims of negligence cannot succeed for the same reasons as described above - namely, because this Court finds that Defendant and his officers acted reasonably under the circumstances.

Accordingly, this Court granted Defendant's Motion for Summary Judgment (Rec. Doc. 42).

New Orleans, Louisiana this 31st day of October, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE